Case No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALICIA NOLEN, on behalf of herself and all others similarly situated,

Plaintiff-Respondent,

v.

PEOPLECONNECT, INC.,

Defendant-Petitioner.

On Appeal from December 14, 2023 Sealed Order
and May 20, 2024 Order Granting Class Certification
United States District Court, Northern District of California
The Honorable Edward M. Chen
Case No. 20-cv-09203-EMC

# MOTION TO FILE UNDER SEAL

| | |
|---|---|
| Clifford W. Berlow | Ian Heath Gershengorn |
| Debbie L. Berman | JENNER & BLOCK LLP |
| JENNER & BLOCK LLP | 1099 New York Avenue, NW |
| 353 North Clark Street | Suite 900 |
| Chicago, IL 60654 | Washington, DC 20001 |
| (312) 222-9350 | (202) 639-6000 |
| cberlow@jenner.com | igershengorn@jenner.com |
| dberman@jenner.com | |

*Attorneys for Defendant-Petitioner PeopleConnect, Inc.*

Defendant-Petitioner PeopleConnect, Inc. ("PeopleConnect"), moves under Ninth Circuit Rule 27-13(e), to file under seal: (1) portions of its Renewed Federal Rule of Civil Procedure 23(f) Petition citing confidential evidence (the "Renewed Petition"), (2) portions of the District Court's December 14, 2023 Certification Order citing confidential evidence (the "Order"), and (3) portions of the transcript of the November 16, 2023 class certification hearing containing confidential evidence (the "Transcript"). PeopleConnect's motion is narrowly tailored and requests the Court seal only limited portions of the Renewed Petition, the Order, and the Transcript containing PeopleConnect's confidential business information that remains under seal in the District Court.

## BACKGROUND

The District Court already has granted motions to seal the portions of both parties' class certification filings that reference PeopleConnect's confidential business information. Dkts. 246, 251, 252, 253, 254.

In its Order, the District Court ordered the parties to stipulate to redactions to the Order by December 21, 2023. *See* A44. PeopleConnect proposed redacting portions of the Order that quote or specifically discuss portions of the parties' filings that the District Court already sealed. Dkt. 259, ¶¶ 3–4, *see* Dkt. 259-1. Plaintiff "agree[d] PeopleConnect's redactions track the material the Court permitted be sealed at Dkt. Nos. 251–254" but "otherwise t[ook] no position." Dkt. 259, ¶ 5.

1

PeopleConnect's proposed redactions to the Order tracked the requests that PeopleConnect had already made to the District Court and were narrowly tailored to protect only those parts of the Order that would reveal confidential business information. *See* Dkt. 259-1. The District Court adopted PeopleConnect's proposed redactions and published a redacted version of the Order on its docket. Dkt. 261.

At the November 16, 2023 hearing, PeopleConnect noted that the hearing would involve confidential and proprietary information and requested the opportunity to review the transcript and propose redactions; the District Court agreed to that request. A46:17–A47:4. PeopleConnect filed proposed redactions to the Transcript on December 21, 2023. Dkts. 260, 260-1. PeopleConnect requested the sealing of only those portions of the Transcript discussing its confidential information already covered by the District Court's previous sealing orders. *See id.* The District Court has not issued an order regarding PeopleConnect's redactions to the Transcript. PeopleConnect's redactions to the attached Transcript are identical to the requests that PeopleConnect has already made to the District Court and are narrowly tailored to protect only its confidential business information. *See* Dkt. 260-1.

Finally, PeopleConnect seeks to seal only the portions of its Renewed Petition that cite or quote documents containing sensitive and/or confidential business information already sealed in the District Court. PeopleConnect has highlighted the

2

limited portions of the Renewed Petition, the Order, and the Transcript that it is seeking to file under seal.[1]

## ARGUMENT

A party seeking to seal must "explain the specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." Ninth Cir. R. 27-13(e). A motion to seal must also "request the least restrictive scope of sealing and be limited in scope to only the specific documents or portion of documents that merit sealing[.]" *Id.*

The Supreme Court has established that sealing is appropriate with respect to "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And this Court has recognized that protecting "business information that might harm a litigant's competitive standing" offers a compelling reason "sufficient to outweigh the public's interest in disclosure and justify sealing court records." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) and *Nixon*, 435 U.S. at 598) (granting petition for writ of mandamus and ordering district court to seal litigant's confidential business information).

---

[1] PeopleConnect's proposed sealed appendix is composed of the Order and the Transcript. Pursuant to Ninth Cir. R. 27-13(c) & (e), the Order and the Transcript are included in a separate, sealed volume.

Here, PeopleConnect requests that the Court seal the portions of the Renewed Petition, the Order, and the Transcript that contain confidential information about its business that, if made public, would irreparably harm PeopleConnect's competitive standing. Berman Decl. ¶¶ 2–4. Specifically, the information requested to be sealed involves sensitive information regarding marketing, advertising, and production decisions connected to PeopleConnect's Website, Classmates.com, as well as confidential statistics regarding user interactions with Classmates.com. *Id.* ¶¶ 2–3. The sensitive information cited also refers to confidential details regarding the internal functions and operations of Classmates.com, including the technology PeopleConnect uses to make its yearbook library available and searchable on the Website. *Id.* ¶ 4. This information, if disclosed, would cause irreparable harm to PeopleConnect's competitive standing. *Id.* PeopleConnect's motion is narrowly tailored to seal only those portions of the Renewed Petition, the Order, and the Transcript that cite confidential business information that the District Court found to be competitively sensitive.

For the foregoing reasons, PeopleConnect respectfully requests that this Court grant PeopleConnect's motion to file under seal the highlighted portions of the Renewed Petition, the Order, and the Transcript.

4

Date: May 24, 2024

Clifford W. Berlow
Debbie L. Berman
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
cberlow@jenner.com
dberman@jenner.com

Respectfully submitted,

/s/ *Ian Heath Gershengorn*
Ian Heath Gershengorn
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

*Attorneys for Defendant-Petitioner PeopleConnect, Inc.*

5

## CERTIFICATE OF COMPLIANCE

1. This Motion to File Under Seal complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B), this document contains 844 words.

2. This Motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Word 365, in 14 point Times New Roman.

/s/ *Ian Heath Gershengorn*
Ian Heath Gershengorn

# CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

I, Ian Heath Gershengorn, hereby certify that I caused the Motion to File Under Seal and Declaration of Debbie L. Berman with accompanying Sealed Renewed Petition, Sealed Appendix, and Appendix to be electronically filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on May 24, 2024. I further certify that on May 24, 2024, I caused these documents to be served by electronic and overnight mail, delivery charge prepaid, to the following:

Raina Challeen Borrelli
Samuel Joseph Strauss
Strauss Borrelli PLLC
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
(872) 263-1100
raina@straussborrelli.com
sam@straussborrelli.com

Michael Francis Ram
Marie Noel Appel
Morgan & Morgan
Complex Litigation Group
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
(415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

Benjamin Ross Osborn
Law Office of Benjamin R. Osborn
102 Bergen Street, Apt. 4
Brooklyn, NY 11201
(347) 645-0464
ben@benosbornlaw.com

/s/ *Ian Heath Gershengorn*
Ian Heath Gershengorn

*Attorney for Defendant-Petitioner PeopleConnect, Inc.*